### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REGINALD CARR,** | : | **CIVIL ACTION** |
| **Plaintiff** | : | |
| | : | |
| **vs.** | : | **NO. 14-3954** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et al.,** | : | |
| **Defendants** | : | |

### M E M O R A N D U M

**STENGEL, J.**                                               **January  13, 2015**

On June 20, 2014, Reginald Carr filed a document entitled "Writ of Mandamus, Habeas Corpus, Extraordinary Relief."  <u>See</u> Document #1.  He also included an application to proceed *in forma pauperis.*  Mr. Carr claims that he was deprived of a fair trial in violation of his Sixth Amendment rights because the jury found him guilty of murder but not guilty of attempted murder where the evidence showed that both victims were shot with the same gun at approximately the same time.  He claims that the jury must have misheard or disregarded that material evidence which rendered their verdict an "error of law and/or a manifest injustice."  For the following reasons, I will dismiss this petition *sua sponte* without prejudice.

On July 2, 2014, I ordered the Clerk of Court to furnish Mr. Carr with a blank copy of the court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254, and granted his application to proceed *in forma pauperis*.  <u>See</u> Document #2.  On September 18, 2014, I issued an Order indicating that I would dismiss this matter for lack of prosecution if Mr. Carr failed to file his petition on the proper form within thirty days.

<u>See</u> Document #3.  Mr. Carr has not filed the petition, and has not requested an extension of time to do so.

Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim "if the plaintiff fails to prosecute or to comply with these rules or a court Order."  Decisions regarding dismissal of actions for failure to prosecute rest in the sound discretion of the court, and will not be disturbed absent an abuse of that discretion. <u>Emerson v. Thiel College</u>, 296 F.3d 184, 190 (3d Cir. 2002).  In determining whether dismissal is appropriate, the court shall consider: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling Orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  <u>Poulis v. State Farm Fire and Cas. Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984).  A court may dismiss an action pursuant to Rule 41(b) <i>sua sponte</i>.  <u>Caterbone v. Lancaster County Prison</u>, 293 F.App'x 867 (3d Cir. 2008).

In this case, the <u>Poulis</u> factors weigh somewhat in favor of dismissal, although not all of these factors need be met for a district court to find that dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152, 156 (3d Cir. 1988).  Mr. Carr is solely responsible for the prosecution of this action.  On July 2, 2014, I ordered the Clerk of Court to furnish him with a blank copy of the court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254.  That mailing was not returned as undeliverable.  Over two months later, I

ordered him to file his petition within thirty days or this action would be dismissed.  That Order was also not returned as undeliverable.  Thus, I must assume that Mr. Carr received both documents.  While <u>Poulis</u> enjoins consideration of the effectiveness of sanctions other than dismissal, it is apparent that dismissal is the only reasonable alternative here.  Cases construing <u>Poulis</u> agree that when a *pro se* litigant fails to comply with rules or court Orders, lesser sanctions may not be an effective alternative.  <u>See</u> <u>Briscoe v. Klaus</u>, 538 F.3d 252, 262-263 (3d Cir. 2008); <u>Emerson</u>, 296 F.3d at 191.  While Mr. Carr has yet to respond to my Orders, he nevertheless is without the benefit of counsel, and is the sole person responsible for failing to comply with the rules or the court's Orders.

I note that the defendants have not been served with Mr. Carr's petition, so any prejudice to them is minimal at this stage of the litigation.  Further, there is nothing in the record so far which would reflect a history of dilatoriness on Mr. Carr's part.  And, it is impossible to assign bad faith or willfulness to Mr. Carr's conduct, especially when he has yet to respond to my Orders or to contact chambers for an extension of time to respond.

Notwithstanding these <u>Poulis</u> factors, however, this petition must be dismissed because its claims are unexhausted and federal *habeas corpus* review is premature.  A review of the docket sheet in the Court of Common Pleas of Philadelphia County for this action reveals that Mr. Carr was arrested on June 2, 2012, and the jury returned its verdict

on February 10, 2014.[1]  The last entry on that docket, posted on December 23, 2014,

shows that Mr. Carr is still awaiting sentencing for his conviction.

Absent exceptional circumstances, a *habeas* petition is not cognizable until the

petitioner has exhausted all means of available relief under state law.  28 U.S.C. §

2254(b); O'Sullivan v. Boerkel, 526 U.S. 838, 839 (1999); Picard v. Connor, 404 U.S.

270, 275 (1971); Slutzker v. Johnson, 393 F.3d 373, 379 (3d Cir. 2004).  A petitioner

"shall not be deemed to have exhausted the remedies available . . . if he has the right

under the law of the state to raise, by any available procedure, the question presented."

28 U.S.C. § 2254(c).  The policy of this total exhaustion doctrine is rooted in the tradition

of comity:  the state must be given the "initial opportunity to pass upon and correct

alleged violations of the petitioner's constitutional rights."  O'Sullivan, 526 U.S. at 844-

45; Picard, 404 U.S. at 275; Slutzker, 393 F.3d at 379.  Exhaustion does not require that

the highest state court rule on the merits of the petitioner's claims, but merely that the

court be given the opportunity to review them.  Bond v. Fulcomer, 864 F.2d 306, 309 (3d

Cir. 1989).

Mr. Carr must fairly present every claim included in a potential federal *habeas*

petition to the highest level of the state courts.  O'Sullivan, 526 U.S. at 846-47; Slutzker,

393 F.3d at 379 (citing Doctor v. Walters, 96 F.2d 675, 681 (3d Cir. 1996)); Lambert v.

Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (citing Toulson v. Beyer, 987 F.2d 984 (3d

Cir. 1993)).  Failure to do so could result in procedural default.  Coleman v. Thompson,

---

[1]  See https://ujsportal.pacourts.us/DocketSheets/CPReport.ashx?docketNumber=CP-51-CR-0011216-2012

501 U.S. 722, 729 (1991).  Given the fact that he is still awaiting sentencing, it is apparent that Mr. Carr has not had the opportunity to present his claims to the Commonwealth's appellate courts.  There is no reason the issues raised in his federal petition should not first be addressed there.  Thus, I cannot conclude that further state court review is precluded.  Comity requires the state courts be given the opportunity to address Mr. Carr's claims.

Accordingly, I will dismiss this case without prejudice because it is premature. After Mr. Carr is sentenced and he has had an opportunity to present his claims to the Pennsylvania courts and/or taken advantage of its post-conviction procedures, he may return to this court to file a federal petition for writ of *habeas corpus*.

An appropriate Order follows.